UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONY ALLEN IBSEN,

              Petitioner,

v.

WASHINGTON DEPARTMENT OF CORRECTIONS and ARIZONA DEPARTMENT OF CORRECTIONS,

              Respondents.

No. C11-5987 BHS/KLS

ORDER TO SHOW CAUSE

Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636 (b) (1) and Local MJR 3 and 4. In his petition for writ of habeas corpus, Petitioner states that he was sentenced on November 14, 2005 in the Mohave County Superior Court of Arizona. ECF No. 1. He states that he served five years in the Arizona Department of Corrections. *Id.*, at 1. He further alleges that Washington State had some interest in his supervision following his release and closed its "interest" in his supervision on August 6, 2010. One year later, the State of Arizona advised the State of Washington that its disposition of petitioner's supervision was improper and the State of Washington held a post-conviction hearing on October 5, 2011 in the Superior Court of Cowlitz County. The result of that hearing was that some of Petitioner's earned good time credits were revoked. *Id.*, at 5-6. Petitioner alleges that he was not allowed to appeal from this "impromptu" hearing and that because of "multi-jurisdictional" issues, he is barred from pursuing state court remedies. *Id.*, at 6.

ORDER TO SHOW CAUSE - 1

The Court's docket reflects that Petitioner is currently being held in the Cowlitz County Jail in Longview, Washington. Based on the foregoing, the Court is unable to determine whether Petitioner is in custody for the conviction he is challenging in the instant petition.

## DISCUSSION

A habeas petitioner must be in custody at the time the petition is filed in order to challenge the basis of his detention. See 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). The purpose of the custody requirement is to preserve the writ of habeas corpus as "a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). The Supreme Court of the United States has held that the petitioner must be in custody under the conviction or sentence under attack in his petition. *Maleng*, 490 U.S. at 490-91 (citing *Carafas v. La Vallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)). If the petitioner is no longer in custody under the conviction or sentence under attack, the district court lacks subject matter jurisdiction to entertain the habeas petition. *See Maleng*, 490 U.S. at 490; *see also Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir.1998) (holding that the custody requirement is jurisdictional).

Petitioner states that he is challenging a 2005 conviction and sentence from Mohave County, Arizona. However, he has not been in custody for that conviction since approximately 2010. If, on the other hand, he is seeking to challenge the 2011 revocation of good time credits by the Cowlitz County Superior Court, he admits that he has not yet exhausted his state court remedies. Prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest

state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). State remedies must be exhausted except in unusual circumstances. *Granberry*, *supra*, at 134. If state remedies have not been exhausted, the district court must dismiss the petition. *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.

In addition, the proper respondent to a habeas petition is the "person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243; *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). As Petitioner is currently confined in the Cowlitz County Jail, the proper respondent to any habeas petition is the superintendent or warden of the Cowlitz County Jail.

The Court is unable to determine, based on the information submitted, whether this Court has subject matter jurisdiction to entertain the habeas petition. Petitioner is ordered to respond to this Order **on or before May 18, 2012** and at that time, he shall explain to the Court whether he is challenging his November 14, 2005 Arizona state court conviction or the 2011 Washington state court decision revoking his good time credits. If Petitioner fails to do so, the Court will recommend that the petition be dismissed.

Accordingly, it is **ORDERED**:

(1) Petitioner shall respond to this Order as noted above **on or before May 18, 2012**. If Petitioner fails to do so, the Court will recommend that his petition be dismissed.

ORDER TO SHOW CAUSE - 3

(2)     The Court Clerk is directed to send a copy of this Order to Petitioner.

**DATED** this  18th  day of April, 2012.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER TO SHOW CAUSE - 4